## KEMPER MILL & ELEVATOR COMPANY, Plff.,

*v.*

## MIGUEL PONS ET AL., Dfts.

---

San Juan, Law, No. 1109.

IN THE MATTER OF EXPENSE OF MEALS FOR JURORS.

---

Opinion filed November 23, 1916.

*Messrs. Scoville & Kelley* for plaintiff.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for defendants.

HAMILTON, Judge, delivered the following opinion:

For the past two or three years the matter of expense of jurors in the way of meals and sometimes lodging has been in question between the marshal and the accounting officers. It was

X. Porto Rico.—3.

Kemper Mill & Elev. Co. v. Pons.

brought to the attention of the governor of the Island on appeal from the accounting officers, and adjusted according to the long-continued practice of the court that such expenses should be paid in Porto Rico, on account of peculiar conditions here growing out of the novelty of the jury system and otherwise. Through the instrumentality of someone, the last appropriation bill of the local legislature for expenses of this court contains the provision that none of the appropriation shall be used for payment of meals and lodging of jurors in cases other than those to which the United States is a party. It is necessary to take some action one way or the other in this regard.

If the provision in question were contrary to the general practice of Federal courts, there would perhaps be no difficulty in declaring it void as an undue interference with the usefulness of this court, which is of course a Federal agency. The same provision, however, is found to prevail in practice in the Federal courts of the United States supervised by the accounting officers at Washington. While in the states this past summer, and also by correspondence, I took the matter up with other Federal judges, and find that the same provision is regarded as in force in the states. It is found in what is generally called the Blue Book, containing directions for practice in the United States courts, §§ 870–875. The practice in the Federal courts there in civil cases, to which the United States is not a party, is to require a deposit from the parties, either at the beginning of the case or before the jury is put in charge of the marshal, sufficient to cover the supposed expenses of meals and lodging for the case in question. It is said that, while this increases the expense, the results have been satisfactory.

I mention the matter now so that the bar may take such action

Kemper Mill & Elev. Co. v. Pons.

as seems proper. Unless there is some change in the law, or unless the governor sees proper to furnish additional expense money from some source, I shall have to conform the practice of the court to that of the other Federal courts, as above outlined. I do not think that the provision in the appropriation bill is a wise one, not only because of the additional expense to litigants, but because it tends to make it necessary to discharge juries without full consideration of the case submitted. This of course means mistrials, which involve the submission of the same case to another jury, at an additional expense to the government. As a result, nothing would be gained in the way of economy while the expense of litigants would be increased.

In the case now on trial it is agreed in open court by the attorneys that the marshal may make the usual expenditures for meals, and that the parties will reimburse him. The cases on trial for the next week will be Federal cases, so the question will not arise; but, unless a different arrangement is made as above, the practice of the court hereafter will have to be to require a jury deposit before entering upon the trial of a case. Whether this should be upon the filing of the case, or upon the calling of the case for trial will need some consideration. Unless otherwise ordered, however, the practice will be for such a deposit to be made by the party seeking trial at the time of setting the case for trial.

It is so ordered.